Name HUNG TRONG NGUYEN P-89884

Address RJDCF F-C-15-211L

480 ALTA RD/PO BOX 799003

SAN DIEGO, CA 92179-9003

CDC or ID Number P-89884



**FILED**

MAR 1 2 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

## IN THE SUPREME COURT OF CALIFORNIA

_____ (Court)

| |
|---|
| Hung Trong Nguyen |
| Petitioner |
| vs. |
| |
| D. Paramo - Warden RJDCF |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. 2:12 - CV - 0632 EFB (HC)

*(To be supplied by the Clerk of the Court)*

Third District No: C070336
Superior Ct. No: CCW-3044
Superior Ct. No: 98F02359

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

This petition concerns:

[XXX] A conviction ☐ Parole

[XX] A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

[XX] Other *(specify):* __FACTUAL INNOCENCE of Murder in the First Degree, Enhancements__

1. Your name: __Hung Trong Nguyen__

2. Where are you incarcerated? __Richard J. Donovan Correctional Facility 480 Alta Rd. SanDiego, CA__

3. Why are you in custody? [XX] Criminal Conviction ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   __Murder in the First Degree, Enhancements__

   b. Penal or other code sections: __187(a)__  __12022.53(d)__

   c. Name and location of sentencing or committing court: __Superior Court of Sacramento County__

   d. Case number: __98F02359__

   e. Date convicted or committed: __Aug 15 2000__

   f. Date sentenced: __Aug 15 2000__

   g. Length of sentence: __50 years to life__

   h. When do you expect to be released? __Never!__

   i. Were you represented by counsel in the trial court? [XX] Yes. ☐ No. If yes, state the attorney's name and address:

   __Tommy E. Clinkenbeard__

4. What was the LAST plea you entered? *(check one)*

   [XX] Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

**PETITION FOR WRIT OF HABEAS CORPUS**

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

**FACTUAL INNOCENCE** of Murder in the First Degree. **FACTUAL INNOCENCE of the** En-

hancements 12022.53(d) I DID NOT Know this Man or Ever Been in the Town before!

The Victim can **CLEARLY** be seen still holding the knife! I **DID'NOT KNOW THIS MAN**

**MEET THIS MAN, SEE THIS MAN BEFORE, HEAR OF THIS MAN BEFORE!**

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Because C/O's at High Desert State Prison have "Deliberately" lost Petitioner's

Legal File, ALL Transcripts, Police Reports, Forensic testing etc., and Petitioner's

lack of decent English Speaking skills Petitioner CAN NOT get his point accross to

the Court's or to (Ahyone) with the ability to help him get his point across to the

court!? The ONLY records Petitioner has is the Abstract of Judgment and Sentencing

transcript provided by the CCI B. Lignell. It is Impossible for Petitioner to re-

member all the details, names, dates, who investigated what?, in his case and Des-

parately needs them replaced or (Found) and returned by High Desert State Prison?

Petitioner is [Begging] the Court for it's help in this end? Petitioner has had

to Abandon his Appeal because he can't get his point across to the Court. See att-

ached. Petitioner's language barrier prevents him from getting "meaningful" ass-

istance to research "what" it is the court whats or to even know as the lower

court's have only given him denials without explaination?

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. **Ground 2 or Ground** _____ *(if applicable):* MC–275

PETITIONER'S CONSTITUTIONAL RIGHT'S ARE BEING BLATANTLY VIOLATED BOTH FEDERAL AND
CALIFORNIA STATE, AMENDMENT'S IV, V, VI, VII, VIII, XIV, ARTICLES 1, EQUAL PROTEC-
TION, DUE PROCESS. PETITIONER IS STYMIED WITH IAC ISSUES AS WELL AS HIS LANGUAGE
BARRIER, IN THE EOP PROGRAM OF CDC7R WITH MAJORLY LIMITED ACCESS TO LEGAL RULES.

a. Supporting facts:

Petitioner has tried to get his documents back from staff but they never answer?
Petitioner wrote and sent numerous CDC7R 602's that were lost?, thrown away?, etc.
and nary a response? Petitioner's language barrier is so bad he has asked an In-
mate to type this to try to get his point across to the courts? Petitioner can
understand Most of what is said but is lacking in making himself understood!
When Petitioner tried to file the "NEW" CDC&R 22 form and 602 here at RJDCF they
were returned MONTHS later with No response? Petitioner even wrote the Innocence
Project as they sent him notice, so he filled out the request but to this date
has received No response? Petitioner was born in Vietnam, losing his Mother at
14 and NEVER knowing "who" his "Military" Father was!? Petitioner has been an
"Outcast", "Less then human", "Of No Account" all his life? Where am I welcome?
Was my being born Illegal? Should I just have been killed outright like most
mixed girls? Why, out of all the years of my life and prison does only one man
call me "Little brother" and mean it? What have I done to be disliked, hated so
much? Who must I go to for help? I will write whoever You say! Tell me where
to go? I was a simple farmer, dish washer, waiter? What can I do to work for
help? I am Lead Porter and will send ALL I make to anyone for help! Thank you.

b. Supporting cases, rules, or other authority:

MC-275 [Rev. January 1, 2007]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page 4 of 6

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    __Court of Appeal?__

  b. Result __Denied__                      c. Date of decision: __?__

  d. Case number or citation of opinion, if known: __?__

  e. Issues raised: (1) __?__

      (2) __?__

      (3) _____

  f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

    __I don't remember?__

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:

  a. Result __Denied__                    b. Date of decision: __?__

  c. Case number or citation of opinion, if known: __?__

  d. Issues raised: (1) __?__

      (2) __?__

      (3) __?__

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

  __? I have no transcripts to answer this question?__

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

  __N/A?__

  b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.

  *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: **Lassen Courty to try to recover my legal records?**

   (2) Nature of proceeding (for example, "habeas corpus petition"): **Yes habeas corpus**

   (3) Issues raised: (a) **Loss of my legal papers from Ad-Seg placement twice**

      (b) _____

   (4) Result (Attach order or explain why unavailable): **denied**

   (5) Date of decision: **See attached**

   b. (1) Name of court: **Sacramento Courty**

   (2) Nature of proceeding: **habeas corpus to recover my legàl records**

   (3) Issues raised: (a) **loss of my legal records when placed in Ad-seg.**

      (b) _____

   (4) Result (Attach order or explain why unavailable): **denied**

   (5) Date of decision: **See attached**

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   **See attached**

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3-7-12

▶ _____
                                    (SIGNATURE OF PETITIONER)

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
                                    SS
COUNTY OF **San Diego**

[C C.P §§ 446, 2015.5; 28 U.S.C. §1746]

I, **Hung T. Nguyen Pn89884**, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action.  My address is listed below

On  **3.7.12**  , I served the following documents

### Petition for Writ of Habeas Corpus and exhibits

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the institution's internal legal mail system at **RJDCF**   California, addressed as follows:

**Clerk of the Court**
**California Supreme Court**
**119 Library and Courts Building**
**Sacramento, CA 95814**

**Attorney Generals Office**
**1300 "I" street 1st fl.**
**Sacramento, CA 95814**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in the County of **San Diego** California on  **3-7-12**

**Hung T. Nguyen P-89884**
**RJDCF F-C-15-211L**
**480 Alta Rd/ PO Box 799003**
**San Diego, CA 92179-9003**

Pursuant to the holding of the United States Supreme Court in Houston v. Lack, 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

# IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

# FILED

FEB 2 3 2012

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT
BY_____ Deputy

HUNG TRONG NGUYEN,
   Petitioner,
   v.
THE SUPERIOR COURT OF LASSEN COUNTY,
   Respondent;
THE PEOPLE,
   Real Party in Interest.

C070336

BY THE COURT:

   The petition for writ of mandate is denied.

Dated:  February 23, 2012

HULL, Acting P.J.

----------------------------------

cc: See Mailing List

## IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:    Nguyen v. The Superior Court of Lassen County
       C070336

Copies of this document have been sent to the individuals checked below:

Hung Trong Nguyen
CDC #: P89884
Richard J. Donovan Correctional Facility
P.O. box 799003
San Diego, CA 92179-9003

Office of the State Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

1 | HUNG TRONG NGUYEN P-89884
RJDCF F-C-15-211L
2 | PO BOX 799003/480 ALTA RD.
SAN DIEGO, CA 92179-9003
3

4

5

6 | **IN THE THIRD DISTRICT COURT OF APPEAL**

7 | **FOR THE STATE OF CALIFORNIA**

8

9

10 | Hung Trong Nguyen P-89884 ) CASE NUMBER OF THE
)
11 | Petitioner, ) SUPERIOR CT.CCW-3044
) Sac. Cty. Case No. 98F02359
12 | ) CASE NUMBER OF THE
v. )
13 | )
)
14 | Lassen County Superior Court, CDC&R at) APPELLATE CT._____
High Desert St. Pri. Respondent, )
15 | C/O's do's & doe's 1-100 et al )
_____)
16 | People of the State of California )
Real Parties in Interest. )·
17

18 | <u>PETITION FOR WRIT OF MANDATE</u>

19

20 | TO: THE HONORABLE PRESIDING JUSTICE

21

22 | Petitioner respectfully petitions this court for a writ of mandate directed to

23 | respondent court, and by this verified petition alleges that:

24 | Loss of Petitioner's transcripts, Clerks, Court Reporters, Police Reports, Inv-

25 | estigators, All Minute Orders, Abstract of Judgment, Trial Atty, Appellate Atty,

26 | Case files, Prosecutors Case files, (Discovery) Proceedings on Sentencing, and

27 | Police Photo's, Jurors notes,. Exhibits attached from the Superior Court of

28 | Sac. Notice of Motion and Court's Order, Order from Lassen County Sup. Ct.

1

**I**

1    Petitioner is the defendant in a criminal action, entitled People of the State of

California -Vs-**Hung Trong Nguyen**_____, Case Number**98F02359**_____, **previously hea-**

**rd in the Sacramento County Superior Court.**

**II**

Respondent is the **Superior**_____Court of the State of California,

for the County of **Lassen** _____.

**III**

The real party in interest is the People of the State of California.

**IV**

Respondent has a clear, present, and ministerial duty to abide by and adhere to the

exercise of sound discretion, governed by legal rules, to do justice according to the law in

conducting hearings, receiving evidence, and to issue rulings consistent with laws

governing the subject matter of this petition.

**V**

Respondent has failed and/or refused to exercise sound discretion as follows:

(a) On or about **December 12**_____,**2011**, petitioner did present

before respondent a motion entitled

**Petition for Writ of Mandate with Memorandum of Points and Authorities, Exhibits.**

(b) On or about **January 26**_____,**2012**, Respondent court has ____

**Denied**_____ petitioner's motion, despite facts brought before the court and the state of

existing law, both of which support petitioner's request.

**VI**

Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law

other than by this petition, in that there is no other adequate procedure to require

respondent to use discretion governed by legal rules to do justice according to law and the

Constitution, or to otherwise entitle petitioner to enjoy the benefits sought through this

petition.

VII

Petitioner has performed all conditions precedent to the filing of this petition, by having first exhausted all available remedies.

VIII

At all times mentioned herein, respondent has been able to adhere to the and follow the law which governs the within subject matter. Notwithstanding such ability, and dispite petitioner's demand(s) as stated herein, respondent continues to fail and/or refuse to order relief petitioner seeks.

IX

Wherefore, petitioner prays:

That this court, on hearing this petition and on consideration of any return filed thereto, issue its peremptory writ commanding respondent to:

**Reverse it's Wrongful Order Denying Petition for Writ of Habeas Corpus as the**

**Petitioner filed a writ of Mandate, a lessor petition because he was placed in**

**Ad-Seg twice (2) at High Desert & on Court Ordered Medication which stymied him**

**in the pursuit to recover his legal documents from CDC&R Officers & Staff.**

VERIFICATION

I am the petitioner in this action. All facts alleged in the above petition, not otherwise supported by citations to the record, exhibits or other documents, are true of my own personal knowledge.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: 3-7-12                    Respectfully Submitted,

**Hung Trong Nguyen P-89884**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## PETITIONER IS ENTITLED TO A WRIT OF MANDATE

*California Code of Civil Procedure, §1085 states:*

> "It may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

*California Code of Civil Procedure, § 1086 states:*

> "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

Discretion granted to a court by statute is not an arbitrary discretion to do abstract justice according to the popular meaning of that phrase, but is a discretion governed by legal rules to do justice according to the law and is to be exercised in the light of all attending circumstances.

In exercising its discretion, a court is to be governed by the body of law defining those standards. *People v. Arnold*(1976) 50 Cal. App. 3d Supp. 1. In a legal sense, discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason and all of the circumstances before it being considered. *State Farm Inc. Co. v. Superior Court*(1956) 47 Cal. 2d 428, 432, 304 P. 2d 13; *National life of Florida v. Superior Court*(1971) 21 Cal. App 3d 281; *San Diego Whls. Credit v. Superior Court*(1973) 35 Cal. App. 3d 458 *Pacific Indem. Co. V. Superior Court*(1966) 246 Cal. App. 2d 63. Writ of mandate is available to correct abuse of discretion. *Baldwin-Lime-Hamilton v. Superior Court*(1962) 208 Cal. App. 2d 803, 823.

Writ of mandate is the proper remedy in the present case. as there is no appeal petitioner can exercise and/or any appeal available will not allow timely resolution of the

4

controversy presented in this petition. *Winton v. Municipal Court*(1975) 48 Cal. App. 3d 228; *Running French Corp. V. Superior Court*(1975) 51 Cal. App. 3d 400; *Phelan v. Superior Court*(1950) 35 Cal. 2d 363, *Pettis v. Municipal Court*(1970) 12 Cal. App. 3d 1029. The exercise of jurisdiction by a court in a mandate proceeding rests to a considerable extent in the wise discretion of the court. *Wheelright v. Marin County*(1970) 2 Cal. 3d 448, appeal dismissed, cert. denied, 404 U.S. 807, 91 S. Ct. 65, 27 L. ED. 2d 37. Thus, a court may deny relief to a petitioner where the person's rights are otherwise protected. *Barthalomne oil Corp. V. Superior Court*(1941) 18 Cal. 2d 726, 730. However, where a petitioner shows compliance with the requirements for the issuance of a peremptory writ, the court has no discretion to exercise and must issue the writ as a matter of right. (Emphasis added). *Flora Crane Service, Inc. V. Ross*(1964) 61 Cal. 2d 199, 203; *May v. Board of Directors*(1949) 34 Cal. 2d 125, 133-134. Petitioner has a clear, present, and beneficial right to the performance of the respondent's duty to obey state and federal law. Therefore, this petition is necessary to enforce and protect petitioner's legal rights to be free from arbitrary and illegal action of respondent. *Americal Friends Service Committee v. Procunier*(1973) 33 Cal. App. 3d 252, 256. A writ of mandate is also proper to compel a governmental official to perform a ministerial act. *California Educational Facilities Authority v. Present*(1964) 12 Cal. 2d 593, 598; *Flora Crane Service, Inc. V. Rose*(1964) 61 Cal. 2d 199, 204. Finally, a writ of mandate is proper when the action taken by an official is so palpably unreasonable and arbitrary as to indicate that it has abused its discretion as a matter of law. *Sanders v. Los Angeles*(1961) 55 Cal. 2d 626.

Petitioner has a beneficial interest as described in the petition, and a writ is necessary to protect the substantial rights of petitioner. As alleged in this petition, substantial damage will be suffered if the writ is denied. **Further, Petitioner doesn't speak English very well and MUST have his Legal Documents returned as he is unable to get his point accross to the Court's in pursuit of litigation or can Petitioner remember all the details held in those documents.**

5

1  CONCLUSION

2      For the reasons set forth herein, but not limited thereto, this petition must be

3  granted in order to protect petitioner's rights.  Petitioner has had to abandon his

4  appeal for lack of his legal documents to procure the necessary help to get his

5  point across to the courts.  If Petitioner is (Forced) to wait much longer he

6  will have to start at the bottom all over again!?

7

8

9

10

11  Date: 3-7-12                          Respectfully Submitted,

12

13

14                                        _____

15                                        Hung Trong Nguyen P-89884

16

17

18

19

20

21

22

23

24

25

26

27

28

6

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
                                    ss.
COUNTY OF **San Diego**

[C.C.P. §§ 446, 2015.5, 28 U.S.C. §1746]

I, **Hung Trong Nguyen P-89884** am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On $3-7-12$ , I served the following documents:

**Petition for Writ of Mandate with Points & Authorities and Exhibits in Support**

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at **RJDCF**   California, addressed as follows:

**Clerk of the Court**
**Third District Court of Appeal**
**900 N Street, Rm 400**
**Sacramento, CA 95814-4869**

**Attorney Generals Office**
**1300 "I" St. 1st Fl.**
**Sacramento, CA 95814**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of **San Diego** California on $3-7-12$ .

**Hung Trong Nguyen P-89884**
**RJDCF F-C-15-211L**
**po Box 799003/480 Alta Rd.**
**San Diego, CA 92179-9003**

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed 2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

1

2



3 JAN 2 6 2012

4

5 By _____ Deputy
L. Barron

6

7

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 IN AND FOR THE COUNTY OF LASSEN

10 In the Matter of the Petition of                     Case No. CCW - 3044

11 HUN TRONG NGUYEN                          ORDER DENYING PETITION
                                                             FOR WRIT OF HABEAS CORPUS
12 For Writ of Habeas Corpus

13

14         The court treats the petition for writ of mandate herein as a petition for writ of

15 habeas corpus. The petition alleges that personnel at High Desert State Prison (HDSP) lost,

16 at an unspecified date, multiple documents belonging to petitioner pertaining to his

17 criminal conviction in 2000 in Sacramento County. He seeks an order that CDCR at

18 HDSP return his materials  or pay the Superior Court of Sacramento County for their

19 replacement. The petition does not demonstrate that the petition has exhausted his

20 administrative remedies and is denied. (*In re Dexter* (1979) 25 Cal. 3rd 921; *In re Muszalski*

21 (1975) 52 Cal. App. 3rd 500.)

22 Dated: January 26, 2012

23                                                          _____
                                                                      Juducial Officer
24

25

26

27

28

HUNG TRONG NGUYEN P-89884
RJDCF F-C-15-211L
PO BOX 799003/480 ALTA RD.
~~SAN DIEGO, CA 92179-9003~~

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR LASSEN COUNTY

| | |
|---|---|
| Hung Trong Nguyen P-89884 | CASE NUMBER OF THE |
| Petitioner, | SUPERIOR CT._____ |
| | Sac. County Case no: 98F02359 |
| v. | CASE NUMBER OF THE |
| CDC&R at High Desert State Prison, | APPELLATE CT._____ |
| C/O's do's & doe's 1-100 et al | |
| Respondent, | |

## PETITION FOR WRIT OF MANDATE

### TO: THE HONORABLE PRESIDING JUSTICE

Petitioner respectfully petitions this court for a writ of mandate directed to respondent court, and by this verified petition alleges that:

Loss of Petitioner's transcript's, Clerk of the Court, Court Reporter's, Police Report's, Investigator's, All Minute Orders, Abstract of Judgement, Trial Atty, Appellate Atty, Case files, Prosecutor's Case files, (Discovery) Proceedings on Sentencing, Police Photo's, Juror's notes. Exhibit attached from the Superior Court of Sacramento, Notice of Motion for transcript's and Courts Order.

## I

Petitioner is the defendant in a criminal action, entitled People of the State of California - Vs- **Hung Trong Nguyen P-8988** Case Number **98F02359** , now pending in respondent court.

## II

Respondent is the **CDC&R at High Desert** Court of the State of California, for the County of **Lassen** .

## III

The real party in interest is the People of the State of California.

## IV

Respondent has a clear, present, and ministerial duty to abide by and adhere to the exercise of sound discretion, governed by legal rules, to do justice according to the law in conducting hearings, receiving evidence, and to issue rulings consistent with laws governing the subject matter of this petition.

## V

Respondent has failed and/or refused to exercise sound discretion as follows:

(a) On or about **August 10** , **2011**, petitioner did present before respondent a motion entitled, **Notice of Motion for the production of transcripts and case related materials of prior judicial proceedings for Case 98F02359**

(b) On or about **October 20,** , **2011**, Respondent court has ____ **Denied** ____ petitioner's motion, despite facts brought before the court and the state of existing law, both of which support petitioner's request.

## VI

Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law other than by this petition, in that there is no other adequate procedure to require respondent to use discretion governed by legal rules to do justice according to law and the Constitution, or to otherwise entitle petitioner to enjoy the benefits sought through this petition.

VII

Petitioner has performed all conditions precedent to the filing of this petition, by having first exhausted all available remedies.

VIII

At all times mentioned herein, respondent has been able to adhere to the and follow the law which governs the within subject matter. Notwithstanding such ability, and dispite petitioner's demand(s) as stated herein, respondent continues to fail and/or refuse to order relief petitioner seeks.

IX

Wherefore, petitioner prays:

That this court, on hearing this petition and on consideration of any return filed thereto, issue its peremptory writ commanding respondent to:

**Return to Petitioner his Case related materials or Pay the Superior Court of Sacramento County for their replacement in Case No: 98F02359 Immediately or as soon as (humanly) possible. Petitioner [MUST] have the files to pursue litigation in the Court's.**

## VERIFICATION

I am the petitioner in this action. All facts alleged in the above petition, not otherwise supported by citations to the record, exhibits or other documents, are true of my own personal knowledge.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: $12 - 17 - 11$          Respectfully Submitted,

_____

Hung Trong Nguyen P-89884 In Pro Se.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## PETITIONER IS ENTITLED TO A WRIT OF MANDATE

*California Code of Civil Procedure, §1085 states:*

"It may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

*California Code of Civil Procedure, § 1086 states:*

"The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

Discretion granted to a court by statute is not an arbitrary discretion to do abstract justice according to the popular meaning of that phrase, but is a discretion governed by legal rules to do justice according to the law and is to be exercised in the light of all attending circumstances.

In exercising its discretion, a court is to be governed by the body of law defining those standards. *People v. Arnold*(1976) 50 Cal. App. 3d Supp. 1. In a legal sense, discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason and all of the circumstances before it being considered. *State Farm Inc. Co. v. Superior Court*(1956) 47 Cal. 2d 428, 432, 304 P. 2d 13; *National life of Florida v. Superior Court*(1971) 21 Cal. App 3d 281; *San Diego Whls. Credit v. Superior Court*(1973) 35 Cal. App. 3d 458 *Pacific Indem. Co. V. Superior Court*(1966) 246 Cal. App. 2d 63. Writ of mandate is available to correct abuse of discretion. *Baldwin-Lime-Hamilton v. Superior Court*(1962) 208 Cal. App. 2d 803, 823.

Writ of mandate is the proper remedy in the present case. as there is no appeal petitioner can exercise and/or any appeal available will not allow timely resolution of the

controversy presented in this petition. *Winton v. Municipal Court*(1975) 48 Cal. App. 3d
228; *Running French Corp. V. Superior Court*(1975) 51 Cal. App. 3d 400; *Phelan v.
Superior Court*(1950) 35 Cal. 2d 363, *Pettis v. Municipal Court*(1970) 12 Cal. App. 3d
1029. The exercise of jurisdiction by a court in a mandate proceeding rests to a
considerable extent in the wise discretion of the court. *Wheelright v. Marin County*(1970)
2 Cal. 3d 448, appeal dismissed, cert. denied, 404 U.S. 807, 91 S. Ct. 65, 27 L. ED. 2d 37.
Thus, a court may deny relief to a petitioner where the person's rights are otherwise
protected. *Barthalomne oil Corp. V. Superior Court*(1941) 18 Cal. 2d 726, 730.
However, where a petitioner shows compliance with the requirements for the issuance of
a peremptory writ, the court has no discretion to exercise and must issue the writ as a
matter of right. (Emphasis added). *Flora Crane Service, Inc. V. Ross*(1964) 61 Cal. 2d
199, 203; *May v. Board of Directors*(1949) 34 Cal. 2d 125, 133-134. Petitioner has a
clear, present, and beneficial right to the performance of the respondent's duty to obey
state and federal law. Therefore, this petition is necessary to enforce and protect
petitioner's legal rights to be free from arbitrary and illegal action of respondent.
*Americal Friends Service Committee v. Procunier*(1973) 33 Cal. App. 3d 252, 256. A
writ of mandate is also proper to compel a governmental official to perform a ministerial
act. *California Educational Facilities Authority v. Present*(1964) 12 Cal. 2d 593, 598;
*Flora Crane Service, Inc. V. Rose*(1964) 61 Cal. 2d 199, 204. Finally, a writ of mandate
is proper when the action taken by an official is so palpably unreasonable and arbitrary as
to indicate that it has abused its discretion as a matter of law. *Sanders v. Los
Angeles*(1961) 55 Cal. 2d 626.

Petitioner has a beneficial interest as described in the petition, and a writ is
necessary to protect the substantial rights of petitioner. As alleged in this petition,
substantial damage will be suffered if the writ is denied.

5

## CONCLUSION

For the reasons set forth herein, but not limited thereto, this petition must be granted in order to protect petitioner's rights.

Date: 12 - 17-11

Respectfully Submitted,

Hung Trong Nguyen P-89884 In Pro Se.

6

STATE OF CALIFORNIA

COUNTY OF San Diego

(C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746)

I, **Hung T. Nguyen P-89884--**, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On __12-17-11__, I served the following documents

## PETITION FOR WRIT OF MANDATE with Exhibits in Support Thereof.

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at **RJDCF** California, addressed as follows.:

Clerk of the Court
Lassen County Superior Court
220 South Lassen Street, Suite 6
Susanville, CA 96130-4390

Attorney General's Office
300 South Spring Street North Tower
Los Angeles, CA 90013

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of California on __12-17-11__

Hung Tring Nguyen P-89884
RJDCF F-C-15-211L
PO Box 799003/480 Alta Rd.
San Diego, CA 92179-9003

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP. Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

DATE & TIME: October 2◌, 2011
JUDGE     : Steve White
REPORTER  : None

DEPT. NO.: 47
CLERK    : D LASHLEY
BAILIFF  : None

People of the State of California
                              v.                    Case Number: 98F02359

Hung Trong Nguyen

NATURE OF PROCEEDINGS: REQUEST FOR FREE TRANSCRIPTS - **ORDER**

Defendant has requested a free copy of all transcripts and materials from the court's underlying file for Sacramento County Superior Court Case No. 98F02359, as well a free copy of all trial and appellate attorney case files, all prosecutor case files, and all police reports.

IT IS ORDERED that the request is DENIED.

As a general matter, an indigent defendant is constitutionally entitled to a free transcript of a prior criminal case only when the transcript is needed for an effective defense or appeal (Britt v. North Carolina (1971) 404 U.S. 226, 227), or when the transcript is needed for a habeas corpus action to challenge a conviction when a specific need is affirmatively shown (Miller v. Hamm (1970) 9 Cal.App.3d 860, 871; McGarry v. Fogliani (9th Cir. 1966) 370 F.2d 42, 44).

The judgment was affirmed on appeal in 2001. As such, petitioner does not currently need the transcripts for purposes of appeal.

Further, petitioner was represented by counsel on that appeal, who was supplied with transcripts at that time. That counsel had a professional duty to send defendant the transcripts once the appeal became final (see Cal. Rules Prof. Conduct, Rule 3-700(D)(1)), and defendant is not entitled to another free copy of the transcript from this court at this time.

Nor does defendant state whether he needs the transcripts to prepare a habeas corpus petition, or what his claims on habeas would be and how the requested transcripts would support those claims. A habeas petition at this point would be untimely in either state (see In re Robbins (1998) 18 Cal.4th 770, 811-812, 812 fn. 32; In re Clark (1993) 5 Cal.4th 750, 774-775) or federal court (see 28 U.S.C. § 2244(d)(1)), and could further be subject to the procedural bars in state court for claims that could have been but were not raised on appeal (In re Dixon (1953) 41 Cal.2d 756) or that were not raised in the trial court (In re Seaton (2004) 34 Cal.4th

BOOK      :  47
PAGE      :                          SACRAMENTO COURTS
DATE      : October 2◌, 2011
CASE NO.  : 98F02359
CASE TITLE: People v. Hung Trong Nguyen
                                          BY  D. LASHLEY          ,  Deputy
     2/

TITLE: PEOPLE V NGUYEN

NATURE OF PROCEEDINGS: REQUEST FOR FREE TRANSCRIPTS

193), or to other procedural bars in federal court, unless he could set forth an exception that would apply to any such applicable procedural bar. Defendant does not state how the transcripts would aid in meeting such an exception, let alone any claim he intends to raise. As such, defendant fails to show particularized need for the transcripts.

Nor is defendant entitled to a free copy of these materials pursuant to Penal Code § 1054.9, as defendant was not sentenced to either death or life without possibility of parole. Rather, he was sentenced to 50 years to life in state prison.

However, defendant is still free to arrange with the clerk of the court for the purchase of a copy of any materials that exist in the court's underlying case file for Case No. 98F02359.

As for a free copy of all trial and appellate attorney case files, all prosecutor case files, and all police reports, defendant may not make such a request in a post judgment free-floating discovery motion (People v. Gonzalez (1990) 51 Cal.3d 1179; People v. Ainsworth (1990) 217 Cal.App.3d 247), nor does he have standing to bring such a motion under Penal Code § 1054.9, as noted above.

The court recognizes that Cal. Rules of Prof. Conduct, Rule 3-700(D) provides that a lawyer whose employment has terminated shall promptly release to the client, at the client's request, all the client papers and property. The provision, however, does not specifically give courts the power to issue an order requiring an attorney to turn over the papers and property in the case to the client. The Discussion notes to Rule 3-700(d) contain a citation to Academy of California Optometrists v. Superior Court (1975) 51 Cal.App.3d 999, a case in which the court of appeal issued a writ of mandate directing the superior court to order a withdrawing attorney to turn over the files to the client; Academy, however, was an ongoing case in which the attorney was substituted and the new counsel had filed a motion requesting the turnover of the files. As defendant was sentenced to state prison in Case No. 98F02359 in 2000, at which time he began serving that sentence and the judgment has been affirmed on appeal, this court has long lacked jurisdiction over the case (People v. Karaman (1992) 4 Cal.4th 335 [trial court lacks jurisdiction over criminal case, once defendant has been ordered committed to custody of Department of Corrections and Rehabilitation, thereby commencing execution of the sentence]). The only exceptions to this rule are that: (1) Penal Code § 1170(d) allows the court to retain jurisdiction to recall the sentence for 120 days beyond the date of the commitment order, (2) Penal Code § 1170(d) and (e) allow the Secretary of Corrections or Board of Parole Hearings to recommend a recall

| PAGE | : | 47 | SACRAMENTO COURTS |
|---|---|---|---|
| DATE | : | October $2\overline{9}$ , 2011 | |
| CASE NO. | : | 98F02359 | |
| CASE TITLE: | | People v. Hung Trong Nguyen | BY  E. LACHLEY  , Deputy |

$22$

DATE:  OCTOBER 20 , 2011

TITLE:  PEOPLE V NGUYEN

NATURE OF PROCEEDINGS: REQUEST FOR FREE TRANSCRIPTS

of the sentence, and (3) if the sentence is unlawful, the court may correct the sentence at any time (People v. Welch (1993) 5 Cal.4th 228; In re Harris (1993) 5 Cal.4th 813, 842; People v. Serrato (1973) 9 Cal.3d 753, 763, overruled on other grounds in People v. Fosselman (1983) 33 Cal.3d 572, 583 fn. 1).  As defendant's request meets none of these exceptions, this court has no jurisdiction over Case No. 98F02359 at this time and cannot address this part of defendant's request.

The court notes defendant's allegation that his transcripts were lost by staff at High Desert State Prison.  That, however, does not entitle him to a free copy of any transcript already received by him, as discussed above, nor does it bestow jurisdiction on this court to address the discovery part of his request.  Rather, defendant would need to seek a proper civil remedy from the Department of Corrections and Rehabilitation.

DATED: 10 - 20 - 11

Steve White, Judge

SACRAMENTO COURTS

HUNG TRONG NGUYEN P-89884
RJDCF F#-15-211L
P.O. Box 799003
San Diego, CA 92179-9003

Defendant, In Pro Per

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

PEOPLE OF THE STATE OF CALIFORNIA,
George A. Neotti - Warden
    Plaintiff,

vs.

Hung Trong Nguyen
    Defendant

CASE NO. **98F02359**

Notice of Motion for the production of transcripts and case related materials of prior judicial proceedings., **pursuant to CA Crim §2.43 PC§ 1054.1-1054.9 et seq.**

The defendant is Requesting/Demanding the following record in case No. **98F02359** from a

(XXX/trial) **conviction** on (sentencing date) **08/21/2000** .

[X] Reporters Transcripts      [X] Trial Attorney's Case Files

[X] Clerk's Transcripts      [X] Investigator's Case Files

[X] Corrected Minute Orders      [X] Prosecutor's Case Files, Discovery

[X] Plea Bargain/Guilty Plea Sup. Ct.      [X] Appellate Attorney's Case Files

[X] Abstract of Judgement      [X] Police Reports

[X] Motion to Amend Abstract      [X] Probation Officer's Reports

[X] All Minute Orders      [X] Proceedings on Sentencing

The defendant has received the following transcripts/materials: **Petitioner's transcripts and such**

**were lost by staff at CDC&R High Desert State Prison.**

I declare under penalty of perjury that the foregoing is true and correct.

Date **8.-10-11**

Declarant **HUNG TRONG NGUYEN**

TRIAL ATTORNEY'S DUTIES

Rule 2-111(A)(2) of the California State Bar Rules of Professional Conduct on withdrawal from employment provides: "In any event, a member of the State Bar shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

Rule 3-700 (D) (1) of the California State Bar rules of Professional Conduct include: "A member whose employment has terminated shall, (1) Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all of the client papers and property. "Client papers and property" includes correspondence, pleadings, deposition, transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not.

PROSECUTOR'S DUTIES

Rule 1612 of the California Rules of Court (CRC) provide: The parties to the arbitration shall have the right to take deposition and to obtain discovery. To exercise all the same rights, remedies, procedures, and shall be subject to all the same duties, liabilities and obligations as provided in Part 4, Title 3, Chapter 3 of the Code of Civil Procedures

Code of Civil Procedure, Section 2017 (a) discusses pending actions; scope of discovery; and sanctions. "Unless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained in the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition, and location of any document, tangible thing, or land or other property. (The Office of the District Attorney must provide these materials when requested by either counsel or defendant, during and after the trial).

COURT REPORTERS AND CLERKS DUTIES

According to the California Rules of Court. Rule 4, the appellant (trial counsel) has 10 days from the

4

2.

1 Notice of Appeal to instruct the court on "Oral and Written" transcripts needed to present any points of
2 consideration, The clerk, within 30 days CRC. Rule 4(d) will prepare and forward the completed transcripts  The
3 clerk's record on appeal (CRC, Rule 4.5) consists of all papers filed or lodged with the Superior Court Clerk:  All
4 minutes in the case, all written instructions tendered by any party whether given or refused, or prepared by the
5 court, and all exhibits admitted into evidence or refused  Including, but not limited to items enumerated in CRC
6 5(a) (d).  Rule 4 specifies additional notice must be made to obtain:  The voir dire examination of jurors, the
7 opening statements, the arguments to the jury, and the proceedings on a motion for a new trial.

8 ELIGIBILITY (Fee Waiver)

9      The application under CRC, Rule 985 (b) shall be granted and payment of court fees and cost listed in
10 subdivision (1) shall be waived if the application meets the standards of eligibility by subdivisions (a) (6) (A) or (a)
11 (6) (B) of the Government Code, Section 68511.3.  This also applies to additional court fees and costs waived in
12 CRC, Section 985(j).  Of Rules of Court and Forms 982(a)(17), 982(a)(20).

13 DENIAL

14      An ORDER denying the application in whole or in part, shall include a statement of reasons as required
15 by the Government Code Section 68511.3

16 TIME LIMITS

17      The application is granted unless acted upon by the court within 5 court days after it is filed; CRC  Rule
18 985(a), of CRC Rules and form 982(a)(19).

19 HEARING ON APPLICATION

20      If the court determines within 5 court days after the application is filed that there is substantial evidentiary
21 conflict concerning the applicant's eligibility for in forma pauperis status, the clerk shall promptly give the
22 applicant no less than 10 days written notice of a hearing.  To ensure confidentiality of the applicant's financial
23 information the hearing shall be held in private and the court shall exclude all persons except court attaches, the
24 applicant, those present with the applicant's consent, and any witness being examined

25 MOTION FOR COURT ORDER

26      The defendant moves for an ORDER in the production of records of prior judicial proceedings held from
27 the __14th__ day of __March__ (Year)_1998___ until the __8th__ day
28 of __September__ (Year)_2002__. to be furnished to the defendant without costs

1    The defendant moves the ORDER be granted on the grounds that an indigent person shall be provided

2    with free transcripts of prior proceedings for an effective defense according to the due process and equal protection

3    clauses of the 14th amendment of the U.S. Constitution.

4    The ORDER will be based on this Notice of Motion and the attached Memorandum of Points and

5    Authorities served and filed herein

6

7    Date 8-10-11

     Defendant, In Pro Per **Hung T. Nguyen**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## POINTS AND AUTHORITIES IN SUPPORT OF

## MOTION FOR TRANSCRIPTS

Defendant submits the following points and authorities in support of motion for transcripts of prior proceedings:

I, **Hung Trong Nguyen P-89884**, In Propria Persona, comes now making a request for the transcripts of my trial proceedings and sentencing which took place on **March 14th**, **1998**, and **September 21st**, **2000**, Respectfully, moves this Honorable Court, and the presiding Judge of the Superior Court of **Sacramento** County and the District Attorney and/or his representative: **?** .

The state has an obligation to provide an indigent defendant with a transcript of prior proceedings when needed for an effective defense.

Britt v. North Carolina (1971) 404 U.S. 226, 227, 92 S. Ct. 431. Griffin v. Illinois (351 U.S. 12, 76 S. Ct. 585, and its progeny established the principle that the State must as a matter of equal protection, provide an indigent prisoner with basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.

The defendant's need for a transcript of prior proceedings presumed, People v. Hosner (1975) 15 C3d 60, 66, 123 Cal.Rptr. 381, "An indigent defendant in a criminal trial is presumed to have a particularized need for a transcript of prior proceedings, just as he is presumed, if he needs a transcript at all, to need nothing less than a complete transcript."

//

//

//

3

<u>DECLARATION IN SUPPORT OF MOTION FOR TRANSCRIPTS</u>

Defendant, I, **Hung Trong Nguyen P-89884** , do declare that I am the defendant acting in Propria Persona, and that I am an indigent person. That I do not have the funds to pay for the requested transcripts.

I have $ **0.00**  .  assets,

I have $ **0.00**  .  cash, savings accounts or checking accounts,

I have $ **0.00**  .  personal property (cars, boats, jewelry, etc.),

I have $ **0.00**  .  real property,

I have $ **0.13¢ an  hr.** income,

I am in California State Prison.

DATED: **8-10-11** .  .

I, **Hung Trong Nguyen P-89884** , declare under the penalty of perjury that the information above is true and correct except as to those matters based on information and belief and as to those matters, I believe and am informed they are true.

Date: **8-10-11** , 

Declarant **Hung Trong Nguyen P-89884**

13                                    4

HUNG TRONG NGUYEN P-89884
RJDCF F3-15-211L
P.O. Box 799003
San Diego, CA 92179-9003

Defendant, In Pro Per

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, **George A. Neotti - Warden** <br> Plaintiff, <br><br> vs. <br><br> **Hung Trong Nguyen** <br> Defendant | Case No **98F02359** <br><br> Order for Attorney's Case File |

To **T. E. Clinkenbeard** _____, court appointed attorney

of **Sacramento Superior** Court.

    GOOD CAUSE APPEARING IT IS HEREBY ORDERED, that you prepare at county expense

_____ copies of your case files.

    IT IS FURTHER ORDERED, that these records and materials be delivered to the clerk of the court on or

before the _____ day of _____, 20_____.

Dated_____, 20_____.

_____
Judge of the Court

Hung Trong Nguyen P-89884
RJDCF F3-15-211L
P.O. Box 799003
San Diego, CA 92179-9003

Defendant, In Pro Per

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>George A. Neotti - Warden<br>Plaintiff,<br><br>vs.<br><br>**Hung Trong Nguyen**<br>Defendant | Case No. **98F02359**<br><br>Order for Prosecution Records **pursuant to**<br>**PC§ 1054.1-1054.9 et. seq.** |

To _____, State appointed prosecutor, of

the Sacramento Superior _____, Court.

GOOD CAUSE APPEARING IT IS HEREBY ORDERED, that you prepare at county expense

_____copies of your case files.

IT IS FURTHER ORDERED, that these records be delivered to the clerk of the court on or before the

_____day of _____, 20____.

Dated_____, 20____.

_____
Judge of the Court

Hung Trong Nguyen P-89884
RJDCF F3-15-211L
P.O. Box 799003
San Diego, CA 92179-9003

Defendant, In Pro Per

PEOPLE OF THE STATE OF CALIFORNIA,          Case No. **98F02359**

**George A. Neotti – Warden**
            Plaintiff,          Order for Court Records

            vs.

**Hung Trong Nguyen**
            Defendant

To _____, Clerk, of **the Sacramento Superior**

Court.

GOOD CAUSE APPEARING IT IS HEREBY ORDERED, that you prepare at county expense

_____ copies of the following judicial proceedings **Hearings, Abstract of Judgment, Minute Ord.**

**any and all other records pertinent to this case.**

IT IS FURTHER ORDERED, that these records and materials be combined with any additional requested

materials (Trial, Appellate, Prosecuting Attorneys, or Court Reporter) and delivered to the defendant on or before

the _____ day of _____, 20_____.

Dated _____, 20_____.

                                    _____
                                    Judge of the Court

_/ɾ_                    -7-

HUNG TRONG NGUYEN P-89884
RJDCF F3-15-211L
P.O. Box 799003
San Diego, CA 92179-9003

Defendant, In Pro Per

PEOPLE OF THE STATE OF CALIFORNIA,
**George A. Neotti - Warden**
        Plaintiff,

     vs.

**HUNG TRONG NGUYEN**
        Defendant

Case No. **98F02359**

Order for

To _____,

     GOOD CAUSE APPEARING IT IS HEREBY ORDERED, that you prepare at county expense _____ copies of the following judicial proceedings: _____

_____

     IT IS FURTHER ORDERED, that these transcripts be delivered to the clerk of the court on or before the _____ day of _____, 20_____.

Dated_____, 20_____.

_____
Judge of the Superior Court

/7

-8-

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA )
                    ) SS
COUNTY OF SAN DIEGO )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, **Hung Trong Nguyen**_____, am a resident of the State of California and am over the age of eighteen years and am not a party to the above-entitled action. My address is listed below.

On __8-10-11__, I served the following documents:

**Notice of Motion for the production of transcripts and case related materials of prior judicial proceedings, pursuant to CA Crim §2.43 PC§ 1054.1-1054.9 et. seq.**

by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at San Diego California, addressed as follows::

**Clerk of the Court**
**Sacramento County Superior Court**
**720 9th Street**
**Sacramento, CA 95814-1398**

**Attorney Generals Office**
**1300 "I" St., 1st Fl. Ste. 125**
**Sacramento, CA 95814**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of San Diego, California on __8-10-11__

**HUNG TRONG NGUYEN P-89884**

**RJDCF F3-15-211L 480 Alta Road**

P.O. Box **799003**

San Diego, CA 92179-9003

Pursuant to the holding of the United States Supreme Court in <u>Houston v. Lack</u> 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

... ... ... ... ... ... ... ...
... ... ... ... ... ... ... ...
... ... ... ... ... ... ... ...

## PRISON CERTIFICATE

*(Unincarcerated applicants only)*

*(To be completed by the institution of incarceration)*

I certify that the applicant __HUNG TRONG NGUYEN__

(NAME OF INMATE)

__P-89884__

(INMATE'S CDC NUMBER)

has the sum of $_____ on account to his/her credit at _____

__Richard J. Donovan Correctional Facility in San Diego, California__

(NAME OF INSTITUTION)

I further certify that the applicant has the following securities _____

to his/her credit according to the records of the aforementioned institution. I further certify that during

the past six month the applicant's *average monthly balance* was $_____

and the *average monthly deposits* to the applicant's account was $_____

ALL PRISONERS *MUST* ATTACH A CERTIFIED COPY OF THEIR TRUST ACCOUNT

STATEMENT SHOWING TRANSACTIONS FOR THE SIX-MONTH PERIOD

IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT PER 28 U.S.C. § 1915(a)(2)

_____        _____
DATE                                      SIGNATURE OF AUTHORIZED OFFICER OF INSTITUTION

_____
OFFICER'S FULL NAME (PRINTED)

_____
OFFICER'S TITLE (PRINTED)

19



DEPARTMENT OF CORRECTIONS
RICHARD J. DONOVAN CORRECTIONAL
 FACILITY AT ROCK MOUNTAIN
80 Alta Road
an Diego, CA. 92179


INMATE: **HUNG TRONG NGUYEN**

CDC#:  **P-89884**

DATE OF COMMITTMENT:


The above named inmate is currently incarcerated within the above named
prison in the State of California.
I am an employee of this prison and by my signature subcribed to the
bottom of this document I am verifying that this inmate is currently
incarcerated.


                                        AUTHORIZED EMPLOYEE

                                        JOB TITLE:

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE

*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-* ATTACHED] CR-292

ENDORSED

AUG 1 6 2000

By _____ DEPUTY CLERK

8/16/00 NUNC PRO TUNC

| ☑ SUPERIOR | COURT OF CALIFORNIA, COUNTY OF SACRAMENTO |
|---|---|
| ☐ MUNICIPAL | BRANCH OR JUDICIAL DISTRICT |

| PEOPLE OF THE STATE OF CALIFORNIA vs | DOB 09-05-70 | 98F02359 | -A |
|---|---|---|---|
| DEFENDANT Hung Trong Nguyen XREF - 3413683 | POB. Vietnam | | |

| AKA names | | | -B |
| CII# | | | |
| BOOKING # | ☑ PRESENT | | -C |

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☑ AMENDED ABSTRACT | | -D | TO 8/15/00 |
|---|---|---|---|---|

| DATE OF HEARING 08-15-2000 | DEPT NO 40 | JUDGE James L. Long |
|---|---|---|

| CLERK Cindy Jo Miller | REPORTER K. Klemencic, #6131 | PROBATION NO. OR PROBATION OFFICER A-320,730 |
|---|---|---|

| COUNSEL FOR PEOPLE Mark S. Curry, DDA | COUNSEL FOR DEFENDANT Tommy E. Clinkenbeard, PD | ☐ APPTD. |
|---|---|---|

1. Defendant was convicted of the commission of the following felonies:

   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a) | MURDER – FIRST DEGREE | 1998 | 06/14/2000 | x | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.53(d) PC | 25 TO LIFE | | | | | | | 25 TO LIFE |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts
6. ☑ For **25** years to life, WITH POSSIBILITY OF PAROLE on count **ONE**.
   PLUS enhancement time shown above.
7. ☐ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12    ☐ PC 667.61    ☐ PC667.7    ☐ PC 667.9
   ☐ other *(specify)*:

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences  Attachments may be used but must be referred to in this document.

(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR –292 (Rev. January 1, 1999)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

Penal Code
§§ 1213, 1213.5

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: Hung Trong Nguyen | | | | |
|---|---|---|---|---|
| 98F02359 | **-A** | **-B** | **-C** | **-D** |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   - a. RESTITUTION FINE of: **$10,000.00** per PC 1202.4(b) forthwith per PC 2085.5.
   - b. RESTITUTION FINE of: **$10,000.00** per PC 1202.45 suspended unless parole is revoked.
   - c. RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
     (*List victim name(s) if known and amount breakdown in item 11, below.)
     - (1) ☐ Amount to be determined.
     - (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   - d. ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
   - e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   - f. ☐ FINE of $_____ per PC 1202.5.

10. TESTING
    - a. ☐ AIDS pursuant to  ☐ PC 1202.1  ☐ other *(specify)*:
    - b. ☐ DNA pursuant to  ☐ PC 290.2  ☐ other *(specify)*:

11. Other orders *(specify)*:
    **Satisfy 296 PC requirements.**

    **Make Restitution as follows: $5,000 to the State Board of Control; and, $2,000 payable to victim's family pursuant to Section 1202.4 PC, collectible pursuant to Penal Code Section 2085.5(b).**

12. Execution of sentence imposed
    - a. ☑ at initial sentencing hearing.
    - b. ☐ at resentencing per decision on appeal.
    - c. ☐ after revocation of probation.
    - d. ☐ at resentencing per recall of commitment.  (PC 1170(d).)
    - e. ☐ other *(specify)*:

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 98F02359 | **-A** | **1,017** | **885** | **132** | ☐ 4019 ☑ 2933.1 |
| | **-B** | | | | ☐ 4019 ☐ 2933.1 |
| | **-C** | | | | ☐ 4019 ☐ 2933.1 |
| | **-D** | | | | ☐ 4019 ☐ 2933.1 |
| DATE SENTENCE PRONOUNCED. **08-15-2000** | | SERVED TIME IN STATE INSTITUTION ☐ DMH | ☐ CDC | ☐ CRC | |

14. The defendant is remanded to the custody of the sheriff  ☑ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to  ☑ the reception center designated by the director of the California Department of Corrections.
   ☐ other *(specify)*: **DVI**

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| RENEE HACKETT | **8/16/00 NUNC PRO TUNC TO 08-15-2000** |

CR-292 (Rev January 1, 1999)     **ABSTRACT OF JUDGMENT — PRISON COMMITMENT – INDETERMINATE**     Page two

PS 98984
A10867955

ABSTRACT OF JUDGMENT – PRISON COMMITMENT [INDETERMINATE]
[NO ~~LID~~ WITHOUT COMPLETED PAGE TWO OF CR-~~L~~ ATTACHED]

CR-292

☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
☐ MUNICIPAL BRANCH OR JUDICIAL DISTRICT

ENDORSED
AUG 15 2000
By C.J. MILLER, Deputy

| PEOPLE OF THE STATE OF CALIFORNIA vs. | DOB: 09-05-70 | 98F02359 | -A |
| DEFENDANT: Hung Trong Nguyen XREF - 3413683 | POB. Vietnam | | |
| AKA: names | | | -B |
| CII#: | | | |
| BOOKING #: | ☐ NOT PRESENT | | -C |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | | -D |

| DATE OF HEARING 08-15-2000 | DEPT. NO. 40 | JUDGE James L. Long |
| CLERK Cindy Jo Miller | REPORTER K. Klemencic, #6131 | PROBATION NO. OR PROBATION OFFICER A-320,730 |
| COUNSEL FOR PEOPLE Mark S. Curry | | COUNSEL FOR DEFENDANT Tommy E. Clinkenbeard | ☐ APPTD |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a) | MURDER – FIRST DEGREE | 1998 | 06/14/2000 | x | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.53(d) PC | 25 TO LIFE | | | | | | | 25 TO LIFE |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:
4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts
6. ☑ For **25** years to life, WITH POSSIBILITY OF PAROLE on count **ONE**.
   PLUS enhancement time shown above.
7. ☐ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☑ PC 667(b)-(i) or PC 1170.12   ☐ PC 667.61   ☐ PC667.7   ☐ PC 667.9
   ☐ other *(specify)*:

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR –292 (Rev. January 1, 1999)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

Penal Code
§§ 1213, 1213.5

| DEFENDANT: Hung Trong Nguyen | | | | |
|---|---|---|---|---|
| 98F02359 | -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: **$$10,000.00** per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $_____ per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☐ Amount to be determined.
      (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of $_____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to    ☐ PC 1202.1    ☐ other *(specify)*:
   b. ☐ DNA pursuant to    ☐ PC 290.2    ☐ other *(specify)*:

11. Other orders *(specify)*:
    **Satisfy 296 PC requirements.**

    **Make Restitution as follows: $5,000 to Victims of Violent Crime Program; and, $2,000 payable to victim's family pursuant to Section 1202.4 PC, collectible pursuant to Penal Code Section 2085.5(b).**

12. Execution of sentence imposed
   a. ☑ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other *(specify)*:

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 98F02359 | -A | 1,017 | 885 | 132 | ☐ 4019 ☐ 2933.1 |
| | -B | | | | ☐ 4019 ☐ 2933.1 |
| | -C | | | | ☐ 4019 ☐ 2933.1 |
| | -D | | | | ☐ 4019 ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 08-15-2000 | SERVED TIME IN STATE INSTITUTION. ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14. The defendant is remanded to the custody of the sheriff    ☑ forthwith    ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to    ☐ the reception center designated by the director of the California Department of Corrections.
   ☑ other *(specify)*: **DVI**

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Cindy Jo Miller | 08-15-2000 |

3       HON. JAMES L. LONG, JUDGE      DEPARTMENT FORTY
                                       ENDORSED

4                       --oOo--
                                       AUG 1 8 2000
5
                                       By
6       THE PEOPLE OF THE STATE OF CALIFORNIA
                                       DEPUTY CLERK
7                       versus          ) No.) 98F02359
                                       )
8       HUNG TRONG NGUYEN,              )
                                       )          COPY
9                       Defendant.      )
        _____      )
10                      --oOo--

11

12              TUESDAY, AUGUST 15, 2000

13
                        --oOo--
14
        REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                JUDGMENT AND SENTENCE
16
                        --oOo--
17

18                    APPEARANCES:

19      For the People:

20          JAN SCULLY, District Attorney
            in and for the County of Sacramento
21          State of California
            By:   MARK CURRY,
22                Deputy District Attorney

23      For the Defendant:

24          PAULINO G. DURAN, Public Defender
            in and for the County of Sacramento
25          By:   TOMMY CLINKENBEARD,
                  Assistant Public Defender
26
                        --oOo--
27

28              KATHY KLEMENCIC, CSR #6131

1           TUESDAY, AUGUST 15, 2000

2                       --o0o--

3           The matter of the People of the State of California

4    versus Hung Trong Nguyen, Defendant, Case Number 98F02359, came

5    on this day before the Honorable James L. Long, Judge of the

6    Superior Court in and for the County of Sacramento, State of

7    California, presiding in Department Forty thereof.

8           The People were represented by Mark Curry, Deputy

9    District Attorney, in and for the County of Sacramento, State

10   of California.

11          The Defendant was present and represented by

12   Tommy Clinkenbeard, Assistant Public Defender, in and for the

13   County of Sacramento, State of California.

14          Kathy Klemencic, Official Shorthand Reporter, was in

15   attendance upon the Court and acting.

16          The following proceedings were had, to wit:

17          THE COURT:  All right.  Would the Court Reporter state

18   his appearance?  Not the Court Reporter, the Court Interpreter,

19   sir, would you state your appearance?

20          THE INTERPRETER:  Duc Nguyen, Vietnamese interpreter.

21          THE COURT:  And you are on file?

22          THE INTERPRETER:  I do have an oath on file, yes.

23          THE COURT:  Call the case, please.

24          THE CLERK:  Your Honor, this is the matter of the People

25   of the State of California versus Hung Trong Nguyen, Case

26   Number 98F02359.  It is on calendar for Judgment and Sentencing

27   with counsel Mark Curry present and Thomas Clinkenbeard and

28   Vietnamese interpreter Mr. Nguyen.

1          THE COURT:  This is the time set for Judgment and

2    Sentence and on behalf of Mr. Nguyen, have all the party

3    litigants received a copy of the probation report?

4          MR. CURRY:  Yes, your Honor.

5          MR. CLINKENBEARD:  Yes.

6          THE COURT:  Mr. Clinkenbeard, have you counseled?

7          MR. CLINKENBEARD:  Yes.

8          THE COURT:  Other than legal matters as it pertains to

9    the written motions that you had filed, is there any legal

10   cause why I cannot proceed other than that?

11         MR. CLINKENBEARD:  No, Judge.

12         MR. CURRY:  No.

13         THE COURT:  Do you wish to be heard on your motion at

14   this time?

15         MR. CLINKENBEARD:  Briefly.  Judge, I have filed a

16   motion to disclose the jurors' addresses and phone numbers.  I

17   believe that if I were allowed to have that and could

18   investigate this, what happened during deliberations that

19   caused the one juror to come to the Court as explained in the

20   motion, I could establish grounds for a Motion for New Trial

21   and that would be my intention.

22         I believe what happened when she was brought into the

23   courtroom, and she was extremely emotional when she was

24   responding to the Court at the time that she was brought in and

25   in a very formal setting I think she withheld information.  I

26   would like a chance to talk to her.

27         THE COURT:  What information do you think she withheld?

28         MR. CLINKENBEARD:  Judge, what I believe is there was

1    nobody that approached her.  What I think happened, most

2    logical interpretation of what happened is that she had an

3    opinion different from the other jurors, and I believe was

4    caving into peer pressure instead of discussing or holding her

5    grounds, she came up with the excuse she had been approached

6    and contaminated the rest of the jurors in an attempt to be

7    removed from the jury.

8         THE COURT:  That is just your naked argument.

9         MR. CLINKENBEARD:  That's right, but I believe the

10   circumstances lend themselves to that interpretation.  I would

11   like a chance to talk to her about that and some of the other

12   jurors.

13        THE COURT:  All right.  Do you have anything else?

14        MR. CURRY:  No, your Honor, we would just oppose that

15   motion.

16        THE COURT:  Do you have anything else?

17        MR. CLINKENBEARD:  No, Judge.

18        THE COURT:  Well, one, the matter was fully explored in

19   the courtroom.  I disagree with your representations.  I don't

20   see a legally sufficient basis to issue such an order.  That is

21   denied.

22        Is there anything else before this Court would proceed

23   to Judgment and Sentence?

24        MR. CURRY:  No, your Honor.

25        MR. CLINKENBEARD:  No.

26        THE COURT:  All right.  Thank you.  I have read and

27   considered the probation officer's report and all the motions

28   attached.  The Court orders that the probation order be filed

1    and made a part of the record.

2            Before I proceed, is there anything?

3            MR. CURRY:  Yes.  The father of the victim would like to

4    make a brief statement.  If the interpreter could interpret out

5    loud, I would appreciate that.

6            THE COURT:  Okay.

7            MR. PHAM:  Your Honor, and the Court, I, myself, my

8    family really appreciate your Honor and the Court and the

9    system.  We have spent a great deal of time and effort to bring

10   this case to an end.  Uhm, in a normal life, in a normal

11   situation, uhm, my son would be alive today but tragic has

12   happened, things happened, and my son is not.  He is no longer

13   here in this life.

14           We appreciate all your effort, all of your time to solve

15   this case, and we just wish to show our appreciation to the

16   Court and to the justice system.  We believe that the American

17   justice system is one of the best.  Therefore we place our

18   trust in your Honor and in the justice system to give the fair

19   sentence so that it will be fair to my family, to all of us and

20   also a message to the society.

21           Again, we appreciate your Honor, we appreciate the

22   system.  Thank you.

23           THE COURT:  Is there anything else?

24           MR. CURRY:  Nothing.

25           MR. CLINKENBEARD:  I want to be heard.

26           THE COURT:  Sure.

27           MR. CLINKENBEARD:  Uhm, first I would just like to

28   briefly go through the probation report and make a few

6

1   corrections.

2         THE COURT:  Sure.

3         MR. CLINKENBEARD:  Page four at line nineteen, twenty,
4   it says that Mr. Nguyen produced a gun, pointed it at the
5   manager and said in Vietnamese get the fuck out of the way.  In
6   fact, the police reports and this was explored at trial, state
7   that initially on the first couple statements the manager said
8   the person said nothing to him.

9         So, I disagree with this get the fuck out, pointing the
10  gun at the manager and saying get the fuck out of the way
11  because that is not what he told the police the first couple
12  times he was talked to.

13        THE COURT:  What did he say in court?

14        MR. CLINKENBEARD:  I asked him about that in court and
15  he waffled on that given his first statement and whether he
16  really remembered it.

17        THE COURT:  What is the position of the People?

18        MR. CURRY:  What he said in the testimony in the
19  courtroom is that the defendant pointed a gun at him and I
20  don't specifically recall the exact language, whether that
21  quote is exactly correct or not.

22        THE COURT:  Is there anything else?

23        MR. CLINKENBEARD:  Yes.  I have a number of items I want
24  to go through, Judge.

25        THE COURT:  I mean as to that.

26        MR. CLINKENBEARD:  No.

27        THE COURT:  All right.  Get the fuck out of the way is
28  stricken, the rest remains.

1           MR. CLINKENBEARD: On page five at line five it refers

2 to their gang taking Jimmy out, and I believe the words that

3 were used throughout the police reports and testimony was crew.

4 They were talking about Jimmy's crew or 101's crew, not gang.

5           THE COURT: Gang can be changed to crew.

6           MR. CLINKENBEARD: On page seven under victim's

7 statement, there was a lot of information in there that is

8 attributed to the parents from another relative, and I just

9 want the record to be clear that what that is is a lot of

10 hearsay under victim's statement that may not be actually

11 directly attributed to the declarant which would be in this

12 case the parents.

13           THE COURT: Anything else?

14           MR. CLINKENBEARD: Yes. Not on that point though. I

15 have spoken with the parents yesterday, the interpreter and I

16 spoke with both the mother and father and a couple of the

17 sisters about the sentencing hearing today and about their son.

18 And they in fact said he was a good son but unlike the other

19 kids, he was hanging out at the pool hall, he wasn't being as

20 productive as the other kids.

21           So I take issue on page eight, top line, it starts on

22 the bottom of page seven about being productive and independent

23 and had a job. In fact, he was associating, had a crew, was

24 hanging out at pool halls, and that's how he was spending his

25 time.

26           Under victim's loss --

27           THE COURT: On that --

28           MR. CLINKENBEARD: Yes.

1    THE COURT: -- that is denied. Move on.

2    MR. CLINKENBEARD: Under victim restitution it says the

3    victim's parents have filed a claim with the State Board of

4    Control, Victims of Violent Crime Program. I talked to the

5    parents, and I did not bring this up. In fact, they brought it

6    up and said they were not seeking restitution. The funeral

7    expenses have been paid for. They were not asking for any

8    restitution in this matter. They, in fact, had not intended to

9    come to the hearing today accept they were called twice. They

10   said they thought it was probation telling them to be here.

11   And so the portions of this probation report that take

12   off on restitution on behalf of the parents, that is coming

13   from a government agency I believe on their own initiative and

14   not on the parents or their initiative.

15   THE COURT: Is that it?

16   MR. CLINKENBEARD: On that issue, yes.

17   THE COURT: Denied.

18   MR. CLINKENBEARD: Under adult prior convictions, I

19   believe the first one, this is on page eight at the bottom,

20   first one, conviction dated 8-1-94 out of Alameda County has

21   listed as a felony, you know, I tried to go back through my rap

22   sheet on my client and see if in fact that was a felony, I

23   believe that is a misdemeanor where he was granted three years

24   probation.

25   MR. CURRY: The defendant had a felony conviction. I

26   have the certified copies of the records. I didn't bring them

27   with me.

28   THE COURT: Is there anything else?

1    MR. CLINKENBEARD:  Not on that issue.

2    THE COURT:  It will remain a felony with your comments

3    you believe it is a misdemeanor.  Move on.

4    MR. CLINKENBEARD:  On page eleven, my client's mother's

5    name, her name is actually spelled N-H-A-N, not N-G-A-N.  That

6    is line seven.

7    THE COURT:  All right.  That will be changed.  Thank

8    you.

9    MR. CLINKENBEARD:  On page twelve, just so the record is

10   clear, my client in fact had been fairly consistently employed

11   during most of his time in the United States.  He has under

12   substance abuse no drug history.  I take issue at page twelve

13   under jail behavior.  It has been awhile since I have seen a

14   probation report, but this one has these incidents from his

15   time in jail that are extremely frivolous.  I don't think they

16   belong in the probation report, things like he had an apple in

17   his cell or failed rise for a count or he was in an altercation

18   that was started by somebody else.

19   Those I believe are put in there by probation to try to

20   shed the worst light possible on my client in every aspect

21   including his jail behavior.  When you really read it, it is

22   BS.

23   THE COURT:  Well, I'm sure that the Department of

24   Corrections have an enlightened staff and possibly they will

25   see it the way you represent.  Denied.  Move on.

26   MR. CLINKENBEARD:  Page thirteen, circumstances in

27   aggravation under A(1), they have as an aggravating factor the

28   violence of great bodily injury.  Well, in fact, that is the

1   conduct of the charge itself, and I take issue with them using
2   the crime itself, the charge of the conviction as then an
3   aggravating factor. Under A(2) the same thing.

4           THE COURT: Denied.

5           MR. CLINKENBEARD: The arming enhancement as an
6   aggravating factor, that is an enhancement I also take issue.
7   Under the sophistication or on professionalism, there is
8   absolutely no indication this is a professional or
9   sophisticated incident in any way, especially on the part of my
10  client or there was any planning.

11          There was ongoing bad blood between other people in this
12  incident, not between my client. There is, like I said,
13  nothing to indicate that this was premeditated or set out in
14  the sense that it would be professional or sophisticated.

15          THE COURT: What are you asking me to do?

16          MR. CLINKENBEARD: Strike that.

17          THE COURT: Denied. Move on.

18          MR. CLINKENBEARD: I also take issue with B(2), the
19  defendant's prior convictions are numerous, are of an
20  increasing seriousness. There is nothing in his record to
21  indicate his record was becoming increasingly serious.

22          THE COURT: Well, if you look at it, he is convicted of
23  a murder, isn't that increasing?

24          MR. CLINKENBEARD: I don't believe you can take this
25  incident to use that. I think you look at prior to this
26  incident.

27          THE COURT: I understand.

28          MR. CLINKENBEARD: Page fifteen, under the

1  recommendations number two, the ten thousand dollar fine, I

2  think is extremely unwarranted, that is an arbitrary figure

3  they come up with.  He is going to be in prison for the rest of

4  his life.  I think ten thousand dollars is excessive especially

5  when you add it with the next page where they want five

6  thousand, the Victims of Violent Crime Program, two thousand

7  restitution, the main jail booking fee, the thirty-two dollar

8  classification.

9       THE COURT:  What you are doing, you are arguing the

10  sentences.  Are you through generally with the probation?

11       MR. CLINKENBEARD:  Yes.  Yes.

12       THE COURT:  And now you move to some of the recommended

13  aspects of sentencing?

14       MR. CLINKENBEARD:  That's correct, Judge.  I would ask

15  the Judge to reduce the fines to a minimum.  I remind the Judge

16  that, in fact, the family is not seeking restitution here

17  regardless of what this probation report says.  They would just

18  as soon get this behind them and disconnect themselves and move

19  on.  I have spoken with them.  That is their desire.  This is

20  all coming from probation.

21       I'm asking the Judge not to follow that portion of the

22  recommendation.  I'm also asking the Judge not to impose two

23  consecutive life, twenty-five to life terms.  I'm asking the

24  Judge, the Court, to -- either to stay one of the terms so that

25  the sentence is not consecutive.

26       THE COURT:  Is there anything else?

27       MR. CLINKENBEARD:  No.

28       MR. CURRY:  Just very briefly.  Speaking to the family

1    this morning, it was my understanding that they were reimbursed
2    some money by the state for the funeral expenses, but there
3    were others they have paid out of pocket they still would like
4    to be compensated for.  I brought the paperwork.  So I ask that
5    amount to be determined be left in place.

6         I believe under 12022.53(d) that the twenty-five years
7    to life must be run consecutive.

8         MR. CLINKENBEARD:  As far as the restitution issue, the
9    family is here.  The Court can ask them.  I have spoken with
10   them yesterday, and that was not my understanding.

11        THE COURT:  Is there anything else?

12        MR. CLINKENBEARD:  No.

13        THE COURT:  The Court sentences as follows:  You are not
14   eligible for probation, Mr. Nguyen.  Had you been eligible
15   based upon the nature of the circumstances of this killing, I
16   would not give you a grant of probation.

17        As to Count One, murder in the first degree, you are
18   sentenced to State's Prison for twenty-five years to life.

19        For the enhancement that you were found guilty, the
20   Court sentences you to an additional twenty-five years to life
21   consecutive to Count One.

22        Thus, the Court has imposed two life terms, twenty-five
23   years to life or, to wit, fifty years to life.

24        You shall pay a restitution fine pursuant to Penal Code
25   section 1202.4 in the amount of ten thousand dollars to be paid
26   forthwith or as provided by Penal Code section 2085.5(a).

27        Pursuant to Penal Code section 1202.45, the Court is
28   imposing an additional restitution fine in the same amount as

1       that just imposed.  Payment of this fine is suspended and will
2       remain suspended until your parole is revoked.

3               You shall satisfy the requirements of Penal Code section
4       296.

5               You shall make restitution to the Victims of Violent
6       Crime Program in the amount of five thousand dollars and make
7       restitution to the victim in the amount of two thousand dollars
8       pursuant to section 1202.4 of the Penal Code collectable
9       pursuant to Penal Code section 2085.5(b).

10              You shall pay a hundred and fifty-six dollar main jail
11      booking fee pursuant to section 29550.2 of the Government Code
12      payable to the court's installment processes.

13              You shall pay a thirty-two dollar main jail
14      classification fee pursuant to section 29550.2 of the
15      Government Code payable to the court's installment processes.
16              MR. CURRY:  Your Honor, just briefly on number five.
17              THE COURT:  Yes.

18              MR. CURRY:  Could you make sure that is the victim's
19      family?  The only reason, the Department of Corrections is
20      pretty nitpicky.

21              THE COURT:  The victim's family should be added to item
22      number five.  You must serve eighty-five percent of this
23      sentence before you are eligible for parole consideration and
24      you could be on parole for the rest of your life.

25              It is my duty to advise you of your right to appeal to
26      the Appellate Courts from the Judgment and Sentence of this
27      court in imposing its Judgment and Sentencing.

28              If you want to file an appeal, there is a sixty day time

1  limit in which you must act by filing a written notice of
2  appeal.  This sixty days starts to run from today.

3        Your notice of appeal must be filed in this court and
4  not in the Court of Appeal.

5        Notice of appeal must clearly specify that you are
6  appealing, just what you are appealing from, whether you are
7  appealing from the whole Judgment or just part of it, and your
8  notice of appeal must be signed by you or your lawyer.

9        If you appeal you have the right at no cost to you to a
10 transcript and record of the trial court proceedings as
11 provided for by the California Rules of Court.

12       If you appeal and you don't have the money to hire a
13 lawyer, the Appellate Court will hire a lawyer to represent you
14 on appeal.  It is your obligation to keep the Appellate Court
15 advised of your current mailing addresses.  They then will be
16 in touch with you to see whether you have a right to a free
17 lawyer after you have filed your notice of appeal.

18       I'm going to explain one more time.  Unless your present
19 lawyer is going to file a notice of appeal for you, it is your
20 duty to file your own notice of appeal, it must be done in this
21 Court, and it must be filed within sixty days from today's
22 date.

23       Credits would be as follows:  Eight hundred and
24 eighty-five days of raw days, a hundred and thirty-two days of
25 good time/work time or a total of one thousand seventeen total
26 days.  You are remanded.  Thank you.

27       MR. CURRY:  Thank you, your Honor.
28       (Proceedings concluded.)

1    CERTIFICATE OF OFFICIAL SHORTHAND REPORTER

2    State of California   )

3    County of Sacramento )

4        I, KATHY KLEMENCIC, hereby certify that I am a Certified

5    Shorthand Reporter and that I recorded verbatim in stenotype

6    the proceedings had Tuesday, August 15, 2000, in the matter of

7    the People of the State of California vs. Hung Trong Nguyen,

8    Defendant, Case No. 98F02359, completely and correctly to the

9    best of my ability; that I have caused said stenotype notes to

10   be transcribed into typewriting and the foregoing 14 pages

11   constitute a complete and accurate transcript of said stenotype

12   notes taken at the above-mentioned proceedings.

13       I further certify that I have complied with CCP 237(a)(2)

14   in that all personal juror identifying information has been

15   redacted if applicable.

16       Dated:  Friday, August 18, 2000

17

18   _____

19                                    Kathy Klemencic, CSR No. 6131

20

21                        --o0o--

22

23

24

25

26

27

28