IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG TRONG NGUYEN,

    Petitioner,                        No. 2:12-cv-0632 KJM AC P

    vs.

D. PARAMO,                             FINDINGS AND RECOMMENDATIONS

    Respondent.

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Sacramento County Superior Court of first degree murder and a sentencing enhancement was found true. He was sentenced, on August 15, 2000, to a 50-year-to-life term in state prison. Petition (ECF No. 1), pp. 2, 41; Respondent's Lodged Document No. 1 (Abstract of Judgment). Petitioner challenges his conviction on the ground of "factual innocence." ECF No. 1 at 3. He also contends that his rights under the federal and state constitutions, including his right to equal protection and due process, are being violated because he is being stymied by prison staff and a language barrier from bringing his ineffective assistance of counsel claims. Id. at 4. This latter contention does not state a claim for habeas relief. Pending before the court is respondent's unopposed motion to dismiss (ECF No. 20), filed on February 19, 2013.

1

Motion to Dismiss

Respondent moves for dismissal on the grounds that (1) the petition is successive under 28 U.S.C. § 2244(b)(2) and (2) the petition is untimely under 28 U.S.C. § 2244(d). ECF No. 20, p. 1. Because this is an unauthorized successive petition for the reasons that follow, the court need not and does not reach the timeliness issue.

28 U.S.C. § 2244(b)(3)(A) provides that a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). The district court has discretion either to transfer a successive petition to the court of appeals or to dismiss the petition. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the merits* . . . ." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).

Petitioner previously challenged his conviction and sentence in Nguyen v. Runnels, No. 2:02-cv-2037 MCE JFM P, which was denied on the merits on April 4, 2003.[1]

---

[1] See Resp. Lodged Docs. No. 21 (docket for Case No. 2:02-cv-2037 MCE KJM P); Lodged Doc. No. 22 (Findings and Recommendations, filed on March 6, 2003, recommending denial on the merits); Lodged Doc. No. 23 (Order, filed on April 4, 2003,

2

1 This court takes judicial notice of the record in that proceeding. See Valerio v. Boise Cascade
2 Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454
3 U.S. 1126 (1981) (judicial notice may be taken of court records).  Respondent has identified
4 other subsequent federal habeas petitions attacking the same judgment.[2]

5 Respondent contends that the instant petition is successive because petitioner was
6 aware at the time of his trial of the innocence claim asserted here, and could have included it in
7 his prior federal petition. Respondent is correct. Because the prior petition was denied on the
8 merits, 28 U.S.C. § 2244(b)(3) applies. McNabb, 576 F.3d at 1029. Because petitioner has
9 "brought claims contesting the same custody imposed by the same judgment of a state court"
10 without first having obtained the requisite authorization from the Court of Appeals, Burton v.
11 Stewart, 549 U.S. at 153, this court cannot entertain the petition. Should petitioner seek to
12 proceed on the merits, he must seek authorization from the Ninth Circuit Court of Appeals to do
13 so.

14 Accordingly, IT IS HEREBY RECOMMENDED that respondent's unopposed
15 motion to dismiss, filed on February 19, 2013 (ECF No. 20), be granted on the ground that the
16 petition is successive.

17 These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

---

denying the habeas petition). Judge England denied petitioner a certificate of appealability by order filed on May 2, 2003. See ECF No. 19, Case No. 2:02-cv-2037 MCE KJM P. The Ninth Circuit denied a request for a certificate of appealability by order filed on July 25, 2003. See Resp. Lodged Doc. No. 24 (Appeal No. 03-15914 / D.C. No. CV-02-02037 MCE/KJM).

[2] See Resp. Lodged Doc. No. 25 (docket for Case No. 2:05-cv-01446 MCE KJM P, filed on July 18, 2005, and transferred to the Ninth Circuit for authorization on October 27, 2005). The application to the Ninth Circuit for petitioner to proceed on a second or successive petition was denied. See Resp. Lodged Doc. Nos. 26-27. On Nov. 15, 2010, petitioner filed another habeas petition (Case No. 2:10-cv-03068 MCE KJN P), which the magistrate judge found was successive and which the district judge dismissed without prejudice by order filed on September 29, 2011. Resp. Lodged Docs. Nos. 28-30. The district judge recognized that the Ninth Circuit Court of Appeals previously declined to issue a certificate of appealability.

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2013.

                    ALLISON CLAIRE
                    UNITED STATES MAGISTRATE JUDGE

AC:009
nguy0632.scs